UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANIE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>E. DIMAANNO, et al.,<br><br>        Defendants. | Case No. 2:25-cv-02479-DJC-CSK<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

      Plaintiff Lanie Williams, a former prisoner, is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**I.    SCREENING REQUIREMENT**

      Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.     DISCUSSION**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants E. Dimaanno and P. Herleman. Compl. at 2 (ECF No. 1). The Complaint raises the following two claims against Defendants: (1) a deliberate indifference and denial of medical care claim based on an August 14, 2021 incident in violation of the Eighth Amendment (Compl. at 6); and (2) a retaliation claim for filing a prison grievance claim relating to the August 14, 2021 incident in violation of the First Amendment claim

(*Id*. at 7). The Complaint alleges on or about August 14, 2021, Plaintiff required medical attention due to being in the prison yard in high heat and was denied medical care by Defendant Dimaanno. *Id*. at 6. The Complaint further alleges on or about December 19, 2021, Defendant Herleman informed Plaintiff that a rule violation was being filed against Plaintiff for fabricating his prison grievance relating to the August 14, 2021 incident. *Id*. at 7.

### A.   Statute of Limitations for 42 U.S.C. § 1983 Claims

Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For Section 1983 actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citations omitted).

Under California law, the statute of limitations for personal injury actions is two years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1). This limitations period is statutorily tolled for a period of two years for person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Code Civ. P. § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000). The statute of limitations can be suspended by equitable tolling as well. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a

statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950. Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Callins v. Mason,* 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, Plaintiff has brought his claims in this Court well after the two-year statute of limitations period. The Complaint in its current form does not allege any facts to suggest equitable or statutory tolling. *See generally* Compl. Therefore, the Complaint is dismissed as time barred. However, because it is conceivable that Plaintiff may be able to allege facts to justify equitable tolling or some other tolling of the limitations period (e.g., statutory tolling for an individual who is imprisoned on a criminal charge during the limitations period, etc.), the Court will dismiss these claims without prejudice. The Court notes that if Plaintiff amends in an effort to plead cognizable claims, the amended complaint must plead additional facts, including facts regarding tolling of the limitations period; and facts regarding the alleged imprisonment (e.g., when plaintiff was released, etc.).

### B.   Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state Section 1983 claims against Defendants, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. *See* Fed. R. Civ. P. 8. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012). The amended complaint should be titled "First Amended Complaint."

**III.    CONCLUSION**

In accordance with the above, IT IS ORDERED that:

1.      Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice with leave to amend; and

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: November 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, will2479.25