UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANIE WILLIAMS, | Case No. 2:25-cv-02479-DJC-CSK |
| Plaintiff, | ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE ON DEFENDANTS E. DIMAONNO AND P. HERLEMAN AND DIRECTING SERVICE |
| v. | |
| E. DIMAONNO, et al., | |
| Defendants. | (ECF No. 4) |

Plaintiff Lanie Williams, a former prisoner, is proceeding in this action pro se.[1] On November 25, 2025, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C § 1915(e). 11/25/2025 Order (ECF No. 3). The Court found that Plaintiff's claims for deliberate indifference under the Eighth Amendment and retaliation under the First Amendment, both based on 2021 incidents at California State Prison-Corcoran, were time-barred under the two-year statute of limitations. Id. at 4. The Court granted Plaintiff leave to amend to allege any facts suggesting equitable tolling or some other tolling of the limitations period. Id. Before the Court for screening is Plaintiff's First Amended Complaint ("FAC"). (ECF No. 4.)

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I.   SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

///

## II.    DISCUSSION

As in the original complaint, the FAC asserts civil rights claims pursuant to 42 U.S.C. § 1983 against Defendants E. Dimaonno and P. Herleman. (FAC at 2.) Plaintiff alleges that, on August 14, 2021, Defendant Dimaonno refused Plaintiff's request to come indoors when Plaintiff was suffering possible heatstroke, denying Plaintiff medical care in violation of the Eighth Amendment. (Id. at 5.) Plaintiff alleges that Defendant Dimaonno refused him entry due to a grievance Plaintiff filed against him three days' earlier, retaliating against Plaintiff in violation of the First Amendment. (Id.) Plaintiff further alleges that, on December 19, 2021, Defendant Herleman falsified a government document in retaliation for Plaintiff's grievance against Defendant Dimaano, violating the First Amendment. (Id. at 7, 40.) Unlike in the original complaint, Plaintiff alleges facts that give rise to a colorable argument that the statutory limitations period for these claims was tolled and the claims are not untimely. (Id. at 6.)

Therefore, the Court orders that this case proceed on Plaintiff's First Amended Complaint (ECF No. 4) against Defendants E. Dimaonno and P. Herleman based on Plaintiff's Eighth and First Amendment claims against Defendant Dimaonno and Plaintiff's First Amendment claim against Defendant Herleman.

## III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Service of the complaint is appropriate for the following named defendants:

 a.    Officer E. Dimaonno; and

 b.    P. Herleman;

2.    The Clerk of the Court is directed to issue process and to send Plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 form, a summons form, and an endorsed copy of Plaintiff's First Amended Complaint filed December 9, 2025, ECF No 4.

3.    Within fourteen days after this order is served, Plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of

process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for the defendants, at least:

   a.   One completed summons;

   b.   One completed USM-285 form;

   c.   One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

   d.   One copy of the instant order.

4.   In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5.   Within twenty-one days after submitting the required materials to the United States Marshals Service, Plaintiff shall file with this court a declaration stating the date on which Plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6.   Within ninety days after receiving the necessary materials from Plaintiff, the United States Marshal is directed to serve process on Defendants without prepayment of costs.

7.   Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: March 18, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/will2479.25.fac.serv

4