UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>Plaintiff,<br>v.<br>E. DIMAANO, et al.,<br>Defendants. | Case No. 2:25-cv-02479-DJC-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 13) |

Pending before the Court is Defendants Correctional Officer Dimaano and Correctional Sergeant Herleman's motion to dismiss Plaintiff Lance Williams's First Amended Complaint.[1] (ECF No. 13.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends GRANTING Defendants' motion to dismiss and dismissing the First Amended Complaint without leave to amend.

/ / /

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

In his First Amended Complaint ("FAC"), Plaintiff Lance Williams, a former prisoner, asserts civil rights claims pursuant to 42 U.S.C. § 1983 against Defendants E. Dimaano[3] and P. Herleman related to Plaintiff's prior incarceration.[4] FAC at 2 (ECF No. 4). Plaintiff alleges that, on August 14, 2021, Defendant Dimaano refused Plaintiff's request to come indoors when Plaintiff was suffering possible heatstroke, denying Plaintiff medical care in violation of the Eighth Amendment. *Id.* at 5. Plaintiff alleges that Defendant Dimaano refused him entry due to a grievance Plaintiff had filed against him three days earlier, thereby retaliating against Plaintiff in violation of the First Amendment. *Id.* Plaintiff further alleges that, on December 19, 2021, Defendant Herleman falsified a rules violation report in retaliation for Plaintiff's grievance against Defendant Dimaano, violating the First Amendment. *Id.* at 7, 40. Plaintiff alleges the statutory limitations period for these claims was tolled pending resolution of Plaintiff's grievance filings regarding the August 14, 2021 incident and the allegedly falsified rule violation prepared by Defendant Herleman. *Id.* at 6.

## B. Procedural Posture

Plaintiff initiated this action on August 29, 2025. (ECF No. 1.) On November 25, 2025, the Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the initial Complaint with leave to amend to the extent Plaintiff could allege facts to justify tolling of the limitations period of his claims. 11/25/2025 Order (ECF No. 3). On

---

[2] These facts primarily derive from the First Amended Complaint (ECF No. 4), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] Although the FAC provides two different spellings ("Dimaanno" and "Dimanno"), Defendants' motion represents that the correct spelling for the first named defendant is "Dimaano." *See* FAC at 1-2, 5; *see also* (ECF No. 13-1 at 2).

[4] The docket erroneously captioned Plaintiff's name as "Lanie Williams" and Defendant Dimaano's name as "E. Dimaonno." The Clerk's Office is directed to update the docket for Plaintiff to "Lance Williams" and for Defendant "Dimaano."

December 9, 2025, Plaintiff filed the operative First Amended Complaint. (ECF No. 4.) On March 19, 2026, the Court ordered that service was appropriate and directed the Clerk to issue process and send Plaintiff documents to complete and submit to the United States Marshal for service on Defendants. 3/19/2026 Order (ECF No. 5). Defendants filed a motion to dismiss on June 9, 2026. (ECF No. 13.) Plaintiff filed an opposition on June 22, 2026.[5] Pl. Opp'n (ECF No. 16). Defendants replied on June 30, 2026. Defs. Reply (ECF No. 17). The same day, Defendants also submitted a request for judicial notice. (ECF No. 18.) Briefing is now complete.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[5] Plaintiff's opposition is styled, "Ex-Parte 'Confidential Not for Public Record Due to Medical Info and HIPPA [sic] Rights' Opposition to Defendants [sic] Motion to Dismiss." (ECF No. 16 at 1.) Plaintiff has not requested that any portion of his opposition be filed under seal or established the basis for sealing pursuant to Local Rule 141. *See* E.D. Cal. L.R. 141.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**C. Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. Cal.*

*Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

## III. DISCUSSION

Although no federal statutory violation is explicitly alleged in the FAC, the Court construes Plaintiff's claims for constitutional violations as claims pursuant to 42 U.S.C. § 1983 for deliberate indifference and denial of medical care in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. FAC at 3. Defendants move to dismiss the FAC for failure to state a claim. *See* Defs. Mot. (ECF No. 13-1). The Court first addresses Defendants' request for judicial notice.

### A. Request for Judicial Notice

Defendants request that the Court take judicial notice of the dockets of eleven cases previously filed by Plaintiff and litigated by Plaintiff in federal court. Defs. RJN at 2-3 (ECF No. 18). The Court may take judicial notice of documents and records from judicial proceedings. *See Harris*, 682 F.3d at 1132; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation modified). Accordingly, the Court grants Defendants' request.

### B. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's FAC fails to state a claim because Plaintiff's claims are barred by the applicable statute of limitations where they accrued in 2021 and Plaintiff initiated this action in 2025. Defs. Mot. at 3-4.

Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For Section 1983

actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation modified).

Under California law, the statute of limitations for personal injury actions is two years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1). This limitations period is statutorily tolled for a period of two years for person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Code Civ. P. § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000); *Blair v. City of Modesto*, 2026 WL 683201, at *5 (E.D. Cal. Mar. 11, 2026) ("[U]nder California law, an incarcerated person may toll the statute of limitations for up to two years while incarcerated, at which time the statute of limitations begins to run, or the statute of limitations begins to run after incarceration[] ends, whichever occurs first."), *report and recommendation adopted*, 2026 WL 896160 (E.D. Cal. Apr. 1, 2026). The statute of limitations can be suspended by equitable tolling as well. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950.

"Federal law determines when a civil rights claim accrues. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citation modified).

Here, according to the FAC, Plaintiff's claims against Defendant Dimaano accrued when he was harmed and simultaneously aware of that harm on the day of the outdoor incident, namely, August 14, 2021; and Plaintiff's claims against Defendant Herleman accrued when he learned of Defendant Herleman's alleged retaliation through the false rules violation report dated December 20, 2021. *See* FAC at 5, 7, 43. Because Plaintiff was not serving a life sentence, Plaintiff's claims were statutorily tolled while he was imprisoned until his release on June 19, 2022. *Id.* at 6. Thus, the statute of limitations began to run, at latest, on June 19, 2022. Accordingly, because Plaintiff initiated this action in August 2025, his claims are barred by the two-year statute of limitations.

In opposition, Plaintiff argues that he is entitled to tolling of the limitations period on grounds that he continued to exhaust his statutory remedies under the Prison Litigation Reform Act ("PLRA") after being released on parole until sometime in 2024, when he was released from parole and received final decisions from "CDCR THIRD LEVEL APPEALS OFFICE." Pl. Opp'n at 1, 2. Plaintiff further asserts that "[p]arole equals incarceration for most tolling statutes." *Id.* at 1.

Plaintiff is incorrect. Although "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" pursuant to the PLRA, *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005), "the requirement to exhaust administrative remedies applies only to 'prisoners,'" *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (citation modified). Thus, "only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)." *Talamantes*, 575 F.3d at 1024. 42 U.S.C. § 1997e(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Here, Plaintiff was clearly no longer "incarcerated or detained" upon his release on June 19, 2022, so Plaintiff was not required to exhaust administrative remedies

pursuant to the PLRA. Thus, because Plaintiff was not required to exhaust administrative remedies, tolling based on exhaustion is not applicable to Plaintiff's claims. *See Ward v. Valadez*, 2020 WL 1026847, at *3 (S.D. Cal. Mar. 2, 2020) (holding plaintiff's claims not entitled to tolling for administrative exhaustion because "[o]nly prisoners, not former prisoners, are subject to the PLRA's exhaustion requirement" and "[t]he fact that officials continued to consider his appeal even after his release does not affect federal exhaustion requirements"); *Modica v. Russell*, 2016 WL 316002, at *10 n.16 (E.D. Cal. Jan. 27, 2016) (rejecting argument that plaintiff's claims are entitled to equitable tolling to exhaust administrative remedies after plaintiff's release because plaintiff was no longer a "prisoner" defined under § 1997e(h)), *report and recommendation adopted*, 2016 WL 8731345 (E.D. Cal. Mar. 4, 2016).

For similar reasons, Plaintiff's claims were not statutorily tolled past his June 19, 2022 release under California Code of Civil Procedure section 352.1(a) because Plaintiff's release on parole meant he was no longer incarcerated. *See Ward v. Valadez*, 2019 WL 5212396, at *3 (S.D. Cal. Oct. 16, 2019) ("Plaintiff was therefore not entitled to tolling upon his release from prison on July 21, 2015, as he was no longer in custody after that date."), *report and recommendation adopted*, 2020 WL 1026847.

Plaintiff also appears to argue, although it is unclear, that Plaintiff's claims should be tolled due to a "legal disability" or disabilities, including Plaintiff's parole status and his mental health condition. Pl. Opp'n at 2. The Court construes this argument as an argument for statutory tolling pursuant to California Code of Civil Procedure section 352(a), which provides: "If a person entitled to bring an action . . . is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."

The Court agrees with Defendants that this argument is also unavailing. "Incapacity must exist at the time the claims accrue, and once the cause of action accrues, no later disability suspends it." *Shabazz v. Mercy San Juan Med. Ctr.*, 2026 WL 2168414, at *4 (E.D. Cal. July 28, 2026), *report and recommendation adopted*, 2026 WL

2369191 (E.D. Cal. Aug. 14, 2026). Plaintiff has not provided any allegations or evidence suggesting that he had been found legally incompetent when his claims accrued in 2021, when he was released on June 19, 2022, or at any time thereafter. To the contrary, Plaintiff's claims of incapacity are belied by the existence of multiple other lawsuits brought or litigated by Plaintiff in federal court between 2021 and 2025. *See* Defs Mot. at 5 n.3; Defs. RJN, Exhs. 1-11; *see also Miesegaes v. Allenby*, 2020 WL 8175554, at *11 (C.D. Cal. Dec. 18, 2020) ("Subsequent pro se filings in other matters confirm Plaintiff's legal capacity to make decisions."), *report and recommendation adopted*, 2021 WL 292431 (C.D. Cal. Jan. 28, 2021), *aff'd*, 2022 WL 16756359 (9th Cir. Nov. 8, 2022). Accordingly, Plaintiff's claims are not subject to statutory tolling due to a legal disability.

Because Plaintiff has not alleged any other form of tolling and because there is no basis for finding such tolling, the FAC is subject to dismissal without leave to amend.[6] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**C. Generative AI Use Warning**

The Court notes that Plaintiff's opposition appears to have cited authorities that do not exist. For example, Plaintiff's opposition provides the following cases that the Court could not identify based on the citation: *Soto v. Brock*, 616 F. Supp. 2d 1014 (E.D. Cal. 2008); *Barger v. City of Sacramento*, 2021 WL 4355397.[7] *See* Pl. Opp'n at 2. The presence of multiple fictitious case citations suggest the use of generative artificial intelligence ("AI") or similar tools. *See, e.g.*, *Tercero v. Sacramento Logistics, LLC*, 2025 WL 2605020, at *10 (E.D. Cal. Sept. 9, 2025); *Doe 1 v. Lai*, 2026 WL 1004947, at *1 (C.D. Cal. Feb. 17, 2026).

Federal Rule of Civil Procedure 11 applies to all parties, including parties such as Plaintiff who are proceeding without an attorney. See Fed. R. Civ. P. 11. Though the Court has not issued an order prohibiting the use of generative AI by parties in its

---

[6] Because the Court concludes that Plaintiff's claims are time-barred, the Court need not consider the claims on their merits.

[7] The Westlaw citation for the purported *Barger* case links to *Armour v. Atkins*, 2021 WL 4355397 (S.D. Ill. Sept. 24, 2021).

pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, Rule 11 still applies and he is responsible to ensure that any pleading or filing submitted to the court: "(1) [] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b).

Regardless of whether Plaintiff is or is not using generative AI, Plaintiff is warned that misrepresentations or misleading representations to the Court may be sanctionable pursuant to Rule 11(b) and the court's inherent authority.

**D. Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court finds that further amendment would be futile because Plaintiff's claims are time-barred and there is no basis for tolling the statute of limitations. The Court further notes that Plaintiff was previously provided leave to amend. The Court

concludes that amendment would be futile, and therefore, the Court recommends granting Defendants' motion to dismiss and dismissing the FAC without leave to amend. *See Lathus*, 56 F.4th at 1243.

## IV. CONCLUSION

It is ORDERED that the Clerk's Office update the docket for Plaintiff to "Lance Williams" and for Defendant "E. Dimaonno" to "E. Dimaano."

Further, based upon the findings above, it is RECOMMENDED:

1. Defendants' motion to dismiss (ECF No. 13) be GRANTED;
2. Plaintiff's First Amended Complaint (ECF No. 4) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, will.2479.25